**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 10 CR 240 |
| RAJA LAHRASIB KHAN ) | Judge James B. Zagel |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR RELEASE
ON CONDITIONS TO ASSIST IN TRIAL PREPARATION**

Defendant, **RAJA LAHRASIB KHAN**, by and through his attorney, **THOMAS ANTHONY DURKIN** and **JANIS D. ROBERTS**, pursuant to 18 U.S.C. § 3142(i), as well as the Due Process and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully moves this Court for its order permitting the release of Defendant, on conditions, so that Defendant can meaningfully assist in the preparation of his defense. This relief is "necessary for the preparation of the person's defense" as that term is used in § 3142(i) in that the current conditions of Defendant's pre-trial detention order and confinement at the Metropolitan Correctional Center Chicago ("MCC"), when coupled with the inordinate delay in the discovery process based upon the amount of classified information, are precluding Defendant from meaningful pre-trial preparation and operationally violating his aforesaid Fifth and Sixth Amendment rights, including his right to counsel of his choosing.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. Defendant was arrested on March 26, 2010, based upon a warrant issued on a Criminal Complaint. On that same day Defendant first appeared before Magistrate Judge

Geraldine Soat Brown. At that time the Court appointed counsel under the Criminal Justice Act. A status hearing regarding detention was set for March 30, 2010, and the Defendant was ordered to remain in custody until that time.

2. On March 30, 2010, Defendant's family was able to retain undersigned counsel who filed their appearance at that time. At that hearing the government also formally moved for detention pending trial. Rather than attempt to present conditions of release to satisfy the requirements of the detention statute, upon the advice of counsel, Defendant waived the detention hearing without prejudice to his right to move at a later time for release on conditions. Defendant has remained incarcerated from that date forward and has never moved the court for a hearing regarding his release on conditions.

3. While counsel are not unmindful of the difficult burden of overcoming the rebuttal presumptions in favor of detention in a case such as this, counsel submit that the time has come where they cannot sit by idly while Defendant's continued pre-trial incarceration severely impacts his aforesaid Fifth and Sixth Amendment rights to Due Process and Effective Assistance of Counsel.

4. These rights, it is submitted, are being operationally denied Defendant based solely on two separate, but related, issues all of which are ultimately the result of choices made by the government in how to prosecute this case.[1] First, Defendant's very conditions of incarceration at the Special Housing Unit (SHU) of the Metropolitan Correctional Center and the Bureau of Prison's systemic inability to provide suitable conditions of pre-trial confinement so as to permit adequate access to the overwhelmingly voluminous digitalized discovery materials

---

[1] It should go almost without saying that counsel's complaint with the government's choices on how to proceed with this prosecution is not directed at the particular government attorneys who are handling the matter. If nothing else they have been extremely courteous and solicitous of the problems counsel are encountering. The problem goes far beyond their pay-grade, to put it mildly.

provided by the government make it virtually impossible for Defendant to have sufficient opportunity to review the materials, much less consult with counsel upon his review. Second, the government's decision to employ its "State Secrets" privilege with respect to the classification of otherwise producible Rule 16, *Brady, Giglio*, or other discovery materials is, and continues, to result in inordinate and undue pre-trial delay bordering upon constitutionally impermissible pre-trial detention.

5.   Counsel initially received discovery productions consisting of voluminous audio recordings and translation summaries, as well as other paper or hard-copy discovery on April 14, 2010, April 21, 2010 and May 5, 2010. Since that time further discovery has been extremely limited.[2] Particularly important is the fact that counsel themselves were not granted access to any classified discovery in this case until September 21, 2010.

6.   The non-classified discovery already produced contains literally hundreds of hours of digital audio recordings, many of which are in Urdu and Arabic. To date, counsel have received forty-one (41) CD-ROM disks containing non-classified information, some of which has been labeled "sensitive" materials for purposes of the Protective Order. In addition to these disks, counsel have received a large number of FBI FD-302s, along with considerable other documentary evidence including voluminous records from banks, telephone companies, Western Union, HUD, and the Illinois Secretary of State. In addition to reviewing all the hard copy discovery, it is vitally important the Defendant review all the audio recordings in this case since counsel speak only English. However, Defendant's review of the discovery, particularly the digital discovery, has been significantly hampered by inordinate technical problems and limited computer access in the SHU.

---

[2] Counsel received some additional non-classified discovery on September 21, 2010, and on October 12, 2010.

7. This means that despite the fact that Mr. Khan has already been incarcerated for over seven months, Defendant and counsel are virtually hamstrung by discovery issues that, quite simply, should not be happening—unless counsel, the government and this Court are willing to accept the inescapable fact that the MCC Chicago simply cannot provide adequate conditions of confinement to permit a pre-trial detainee such as Mr. Khan to prepare his defense and adequately assist and consult with counsel of his choice.[3] Considering, the array of questions unanswered by the discovery produced to date, and the added complexity created by classified information and the procedures mandated by the Classified Information Procedure Act, it is also quite likely that there will be significant future discovery disagreements that will necessarily be considerably time consuming. This anticipated delay will only exacerbate the aforesaid constitutional tension being created by the detention order and Defendant's current conditions of confinement.

8. Defendant's continued pre-trial incarceration is also significantly increasing the costs of his defense and may well effectively deny him retained counsel of his choosing. Defendant—a Chicago taxi-driver—and his family are far from wealthy and have only been able to afford to retain counsel of his choice through his large extended family. At the current pace of discovery, and the obstacles surrounding access and interpreters, if Defendant remains under his current conditions of confinement it is quite likely that the costs of representation will vastly exceed Defendant and his family's ability to afford retained counsel of his choice. Release, under strict conditions of home confinement and electronic monitoring, would allow Defendant to travel to counsel's office and assist in trial preparation, greatly reducing the costs of representation, and allowing Defendant to proceed to trial with the counsel of his choice.

---

[3] Not to mention as well, the unseemliness this issue creates with the lip-service the Bail Reform Act pretends to pay to the presumption of innocence. See, 18 U.S.C.§ 3142(j).

9. The Bail Reform Act itself, §3142(i), specifically contemplates temporary release of the person detained when, as here, it is "necessary for preparation of the person's defense." 18 U.S.C. § 3142(i). *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) ("[The Judge] has the discretionary authority under 18 U.S.C. § 3142(i)(3) to order [defendant] into the custody of a United States Marshal if he determines such action is necessary for preparation of his defense.") *United States v. Persico*, No. S 84 Cr. 809, 1986 WL 3793, at *1 (S. D. N. Y Mar. 27, 1986) (citing *United States v. Angiulo*, Cr. No. 83-235-N, slip op. (D. Mass. Feb. 25, 1985) and *United States v. Franzese*, No. 85 Cr. 755, slip op (E.D.N.Y. Feb. 19, 1986). *See also, United States v. Petters*, No. 08 Cr. 364, 2009 LEXIS 6489, at *8 (D. Minn. Jan. 28, 2009); *United States v. Birbragher*, No. 07 Cr. 1023, 2008 WL 2246913, at *1-2 (N. D. Iowa May 29, 2008).

10. Considering the significant delay in producing discovery in this case and the necessary delays in providing further discovery, complicated by the government's classification procedures; the volumes of non-classified electronic discovery; the paucity of equipment and technical assistance at the MCC; the foreign language issue with many of the tape recordings; and the rising costs of representation, the current pre-trial detention order operationally deprives Defendant of his Fifth and Sixth Amendment rights to Due Process and the Effective Assistance of Counsel, therefore, temporary release of the Defendant so that he can assist in the preparation of his defense is necessary.

11. Counsel would ask leave to further supplement this motion orally in closed session to elaborate on the discovery and pre-trial preparation issues resulting from the classified materials. Counsel would also ask leave, should the Court see fit, to present evidence regarding the conditions of confinement complained of herein, as well as witnesses with respect to

conditions of release that would reasonably assure the Court that Defendant is neither a danger to the community, nor a risk of flight.

                Respectfully submitted,


                /s/ Thomas Anthony Durkin
                **THOMAS ANTHONY DURKIN**


                /s/ Janis D. Roberts
                **JANIS D. ROBERTS**

**DURKIN & ROBERTS**
2446 North Clark
Chicago, IL 60614
(312) 913-9300
tdurkin@durkinroberts.com
jdroberts@durkinroberts.com

**CERTIFICATE OF SERVICE**

      Thomas Anthony Durkin, Attorney at Law, hereby certifies that the foregoing Defendant's Motion for Release on Conditions to Assist in Trial Preparation was served on November 30, 2010, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      **/s/ Thomas Anthony Durkin**
      **THOMAS ANTHONY DURKIN**
      2446 N. Clark Street
      Chicago, Illinois 60614
      (312) 913-9300
      tdurkin@durkinroberts.com