UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 10 CR 240 |
| vs. | ) | Judge James B. Zagel |
| | ) | |
| RAJA LAHRASIB KHAN | ) | |

**GOVERNMENT'S OBJECTIONS TO**
**THE PRESENTENCE INVESTIGATION REPORT**

The United States, by and through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits its Government's Objections to the Presentence Investigation Report (PSR), and states as follows:

**INTRODUCTION**

The Probation Office's diligence and hard work is apparent in the PSR, which is comprehensive as to many subjects, including defendant's offense level computations and offender characteristics. *See, e.g.,* PSR at 6-7, 9-16 (describing *inter alia* defendant's personal and family data, physical condition, and mental and emotion health). However, certain material information within the PSR is in need of correction or clarification. Accordingly, the government submits the following objections to the PSR and proposes the following corrections or clarifications.

**OBJECTIONS**

**I. The PSR Incorrectly Describes HUJI as Being Designated a Foreign Terrorist Organization in April 2006.**

On page 5, lines 35 through 38, the PSR states, "[a]ccording to the complaint, in April 2006, the United States Department of State listed a number of designated

terrorist organizations which included Harakay [sic] ul-JIhad-I-Islami. . . ." This is incorrect. According to the complaint, in April 2006, Harakat-ul Jihad Islami (HUJI) was identified among the "Other Groups of Concern" in the State Department's "Country Reports on Terrorism 2005." Dkt. 1 at ¶ 11. As described in the Government's Version of the Offense (GVO), which is attached to the PSR, HUJI was not designated by the State Department as a foreign terrorist organization until August 2010 – after the offense conduct in this case. GVO at 1. Accordingly, the government asks that line 36 of the PSR be changed to substitute "designated terrorist organizations" with the phrase "groups of concern." In the alternative, this portion of the PSR should be modified to reflect that HUJI was not designated a foreign terrorist organization until August 2010.

## II. Defendant was not Randomly Selected for an ICE Secondary Inspection.

On page 5, at lines 42 through 44, the PSR states, "[FBI Special] Agent Caldwell explained that the defendant was randomly selected by Immigration and Customs Enforcement agents to submit to a secondary search, at which time Mr. Khan's address book was discovered and copied by agents." The term "randomly" should be stricken from the PSR as defendant's June 25, 2008 secondary inspection was requested by the FBI and was not conducted at random. According to Agent Caldwell, he used the terms "random" or "randomly" to describe to the Probation Office secondary inspections performed by Immigration and Customs Enforcement in general, not to describe the selection of defendant for a secondary inspection in this case.

**III.    $700 of the UC's Funds were Seized from Defendant's Son in the U.K.**

On page 5, at lines 65 and 66, regarding the $700 of the undercover agent's (UC's) funds that were found in defendant's son's possession at O'Hare International Airport, the PSR states, "The agent and AUSA Veatch reported the funds were not seized." To the extent this statement is a specific reference to the funds not being seized at O'Hare prior to defendant's son's travel to the U.K., the statement is correct. However, if this statement is meant to indicate that the $700 of the UC's funds were not seized at all, the statement is incorrect and the PSR should be modified to state that the funds were not seized "at O'Hare," or that the $700 and additional funds were seized by U.K. authorities upon defendant's son's arrival in the U.K. *See* GVO at 20.

**IV.    Defendant's Advisory Guideline Sentence Is 180 Months.**

On page 16, at lines 414 and 415, defendant's advisory guidelines range is described as 360 months to life. Pursuant to Guideline § 5G1.1(a), because the statutorily authorized maximum term of imprisonment for defendant's offense of conviction (180 months/15 years) is lower than the applicable guidelines range (360 months to life), the statutorily authorized maximum sentence is defendant's guideline sentence. *See* Dkt. 55 at 9. The PSR should be modified to reflect the correct applicable advisory guideline sentence – 180 months.

**V.    Defendant's Maximum Term of Supervised Release is Any Term of Years or Life**.

On page 17, at lines 420 and 421, defendant's maximum term of supervised release is described as "not more than three years, pursuant to 18 U.S.C. § 3583(b)(2)."

This is incorrect. Pursuant to 18 U.S.C. § 3583(j) ("Supervised release terms for terrorism predicates"), the "authorized term of supervised release for any offense listed in section 2332b(g)(5)(B) is any term of years or life." Defendant's offense of conviction, a violation of 18 U.S.C. § 2339B(a)(1), is one of the offenses listed in 18 U.S.C. § 2332b(g)(5)(B). Accordingly, defendant's maximum term of supervised release is any term of years or life, and the PSR should be corrected to reflect such term of supervised release. *See* Dkt. 55 at 6.

## VI. Defendant's Offense Involved the Attempted Provision of Funds to *al Qaeda*.

The PSR's "Offense Conduct" section should be modified or corrected to, at bottom, reflect facts which show that defendant, a U.S. citizen, knowingly attempted to provide funds to the designated foreign terrorist organization *al Qaeda*, with the knowledge that *al Qaeda* had engaged in engaged in terrorism and terrorist activity, as required for a violation of 18 U.S.C. § 2339B(a)(1) (the offense of conviction). *See* Dkt. 55 at 2-3.

As written, the "Offense Conduct" section appears to indicate that defendant's offense involved the unlawful provision of funds to HUJI, which, as described above, was not a designated foreign terrorist organization at the time of the offense. *See generally,* PSR at lines 29-69. And, the only reference to *al Qaeda* in this section is to HUJI's "links to al Qaeda (designated a foreign terrorist organization in 1999). . . ."

4

PSR at line 36.[1] Moreover, although there are references to defendant providing and attempting to provide funds to Kashmiri, Kashmiri's affiliation with *al Qaeda* and defendant's knowledge of, or grounds to believe that, such affiliation existed are not discussed. *See* PSR at 29-66; *cf.* Dkt. 55 at 3-6 and GVO at 1-20. The PSR's "Offense Conduct" section is also silent as to defendant's knowledge of *al Qaeda*'s involvement in terrorism and terrorist activity, an element of the offense. *See generally,* PSR at 29-66; *cf.* Dkt. 55 at 6 and GVO at 20.

Defendant's Plea Agreement, in paragraph 6, contained an agreed and succinct summary of defendant's offense and relevant conduct, including necessary facts relating to the elements of the offense of conviction. *See* Dkt. 55 at 2-6. To ensure that the PSR's "Offense Conduct" section fairly and accurately reflects defendant's offense and relevant conduct the PSR should be modified to, at a minimum, incorporate the Plea Agreement's factual basis. *See id.*

---

[1]  *But see* PSR at lines 13-16 ("Charge(s) and Conviction(s)" section describing the indictment as alleging, among other things, that defendant knowingly attempted to provide currency to the foreign terrorist organization *al Qaeda*, knowing that *al Qaeda* had engaged and was engaged in terrorist activity) *and* PSR at lines 470-71 ("Factors That May Warrant A Departure" section describing a potential upward departure factor, pursuant to U.S.S.G. § 2M5.3, Application Note 2(b), relating to the United States' war with *al Qaeda*).

## **CONCLUSION**

For the foregoing reasons, the government requests that the Court grant its objections to the PSR, and order the PSR be corrected or clarified as described above.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By: <u>s/ Christopher K. Veatch</u>
    CHRISTOPHER K. VEATCH
    HEATHER K. MCSHAIN
    Assistant United States Attorneys
    219 South Dearborn St., 5th Floor
    Chicago, Illinois 60604
    (312) 886-3389

    JOSEPH N. KASTER
    Trial Attorney
    U.S. Department of Justice
    National Security Division

## CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT,**

was served on June 1, 2012, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                      s/ Christopher K. Veatch
                                                      CHRISTOPHER K. VEATCH
                                                      Assistant United States Attorney
                                                      219 S. Dearborn Street, 5th Floor
                                                      Chicago, Illinois 60604
                                                      (312) 886-3389